IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

REBECCA ACEVEDO,

        Plaintiff,

  v.

                                                                                                                          No. CIV 97-1703 LH/RLP

SHEILA E. WIDNALL, Secretary of
the Air Force,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on Defendant's Motion for Partial Summary Judgment on Plaintiff's Discrimination and Retaliation Claims (Counts I and II of Plaintiff's Complaint, respectively), filed March 11, 1999 (Docket No. 22). Defendant has not moved for summary judgment on Plaintiff's Appeal of Removal From Federal Employment claim (Count III). The Court, having considered the pleadings submitted by the parties, and otherwise being fully advised, finds that Defendant's motion for summary judgement is well taken in part and will be **granted in part and denied in part**.

### UNDISPUTED MATERIAL FACTS

      Plaintiff Acevedo is the former Director of the Youth Center at Kirtland Air Force Base. Plaintiff is a woman of Puerto Rican heritage, and she complained of race discrimination at the base EEO office on April 3 and May 14, 1996. Plaintiff was terminated from her position on November 7, 1996. The parties agree that Plaintiff's immediate supervisor, Ms. Nichols, did not have the authority to remove Plaintiff from her position, but that on September 18, 1996, Nichols delivered to Plaintiff and Major Palumbo a "Notice of Proposed Removal." (*See* Def.'s Mem. Supp. Pt. Summ.

J. at 2-3.) The parties also agree that it was Major Palumbo who removed Plaintiff from her position. (*See id.* at 3.)

The parties disagree about the reasons for the termination. Defendant claims that it was the result of an independent investigation carried out by Major Palumbo, who based his decision on a series of legitimate reasons propounded by Ms. Nichols. (*See id.* at 2, 3.) Plaintiff responds that Major Palumbo's investigation was not independent, the propounded reasons for her termination were pretextual and were part of Ms. Nichols' harassment of Plaintiff, and that the real reasons Plaintiff was terminated were her race and retaliation for filing a complaint with the Kirtland Air Force Base EEO. (*See* Plaintiff's Amend. Mem. Resp. Summ. J. at 9-15.) These differences are immaterial to Plaintiff's claim for race discrimination, as Plaintiff produced no evidence of the existence of a non-protected individual treated better than she. However, the differences are material to the claim for retaliation.

### PLAINTIFF'S CLAIM FOR DISCRIMINATION

In Count I of Plaintiff's Complaint, she claims that she suffered unlawful employment discrimination because of her race/national origin (Puerto Rican) in violation of Title VII. Defendant has moved for summary judgment in its favor on this claim. To support her claim for race discrimination Plaintiff must first establish a *prima facie* case by showing that (1) she was a member of a protected class, (2) her employment situation was adversely affected by her employer's action, practice, or policy, (3) she was performing her job satisfactorily, and (4) she was treated less favorably than similarly situated employees not in her protected class. *See Kenworthy v. Conoco, Inc.*, 979 F.2d 1462, 1469 (10th Cir.1992); *see also Elmore v. Capston, Inc.*, 58 F.3d 525, 529 (10th Cir. 1995) (applying a similar test without third prong); *Aramburu v. Boeing Co.*, 112 F.3d 1398, 1403 (10th Cir. 1997).

For the purposes of Title VII, "similarly situated employees" are those who deal with the same supervisor and are subject to the same standards governing performance evaluations and discipline. *See Id.* at 1404. The failure of a plaintiff to identify a similarly situated employee who was treated more favorably than the plaintiff, like the failure to meet any of the *prima facie* prongs, entitles the defendant to summary judgment. *See Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323-24 (10th Cir.1997).

Plaintiff has failed to satisfy the fourth prong of the above-stated test by failing to demonstrate that any similarly situated employee, who was not in her protected class, was treated more favorably by the Defendant. Plaintiff does note that she was replaced by Assistant Director Keitha Barrett, who is not a member of Plaintiff's protected class. (*See* P.'s Amend. Resp. at 20.) However, Plaintiff does not allege that Barrett was a similarly situated employee or held to a lower standard. She merely asserts that Barrett was the one promoted when she was released. Plaintiff also notes that Ms. Nichols had objected to employees speaking Spanish in the facility, which Plaintiff openly spoke in favor of allowing. (*See id.*) However, Plaintiff does not assert that those who were in favor of allowing employees to speak Spanish were treated less favorably than others.

As Plaintiff has failed to identify a similarly situated employee who was treated more favorably than herself, or even allege that one existed, she has failed to establish a *prima facie* case. Therefore, Defendant's motion for summary judgment on the claims made in Count I will be **granted**.

### PLAINTIFF'S CLAIM FOR RETALIATION

Defendant also seeks summary judgment on Plaintiff's retaliation claim. Defendant argues that Plaintiff neither made a *prima facie* case nor refuted Defendant's articulated legitimate, nondiscriminatory reasons for the alleged adverse employment actions.

To establish a *prima facie* case of retaliation, Plaintiff must show that (1) she engaged in an activity protected by Title VII, (2) an adverse employment action was taken against her subsequent

3

to the protected activity, and (3) there was a causal connection between her participation in the activity and the adverse employment action. *See Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1262 (10th Cir. 1998).

The defense relies heavily on the six-month lag between Plaintiff's participation in her protected activity, filing a complaint with the EEO, and her termination. Indeed, if termination is not temporally close to the protected activity, the plaintiff must rely on additional evidence beyond temporal activity to establish causation. *See Conner v. Schnuck Markets, Inc.,* 121 F.3d 1390, 1395 (10th Cir. 1997). For example, a plaintiff can make a sufficient *prima facie* case by showing that shortly after the protected activity, a pattern of retaliatory conduct began that was apparently related to the protected action, even if the plaintiff is not terminated until much later. *See id.* at 1395. Plaintiff states in her affidavit that immediately after she filed the complaint, her supervisor, Ms. Nichols, began a pattern of harassment including suspending Plaintiff from work, intimidation, forcing Plaintiff to work a "split shift," and so on, leading up to filing a "Notice of Proposed Removal" with Major Palumbo. (*See* P.'s Amend. Resp. at 3, 5.)

Plaintiff has alleged and testified to more than just hostility, but even if that were the only allegation it could be enough. Hostility or harassment, if sufficiently severe, can constitute an adverse employment action for the purposes of a retaliation claim. *See Gunnell,* 152 F.3d at 1264. If recommending someone's termination is not severe enough harassment to constitute an adverse employment action, it is difficult to conceive what would be.

In response to Plaintiff's allegations of a pattern of retaliatory conduct, Defense points to Rule 56 of the Federal Rules of Civil Procedure and argues that Plaintiff failed to specify where in the record evidence of such allegations can be found. However, in Plaintiff's Statement of Facts of her Amended Memorandum in Response to Motion for Summary Judgment, Plaintiff not only says which

4

exhibit in the record includes such evidence, but indicates the page numbers as well. (*See* P.'s Amend. Resp. at 3 (pointing the Court to Exhibit B, p.13-18).)

The evidence of a pattern of retaliatory conduct alone establishes Plaintiff's *prima facie* case for retaliation, but she also asserts a causal connection between her protected activity and her eventual termination. The causal link of retaliatory motive to a termination at the hands of an allegedly independent superior depends on the degree to which that superior based his decision on an independent investigation. *See Long v. Eastfield,* 88 F.3d 300, 307 (5th Cir.1996) (holding that when viewing evidence in the light most favorable to the non-movant that a supervisor's alleged independent investigation was in fact a "rubber stamping" of the recommendations of the immediate supervisor's allegedly discriminatory recommendations). Major Palumbo reviewed Ms. Nichols' "Notice of Proposed Removal," interviewed Plaintiff, requested additional information from his staff and Ms. Nichols, and requested advice from his staff. While it has not been established that Major Palumbo weighed the testimony of or information from Ms. Nichols, a supervisor, much more heavily than that of Plaintiff, a lower employee, that implication has certainly been made. Viewing the evidence in the light most favorable to the Plaintiff, it is difficult to see how Major Palumbo's investigation could have been truly independent. Ms. Nichols, for whom there is evidence of retaliation, had far too much input for this Court to conclude that the investigation was independent without going through a fact finding process.

To overcome Defendant's articulated legitimate, non-retaliatory reasons for the adverse employment actions taken, Plaintiff must show either (1) direct evidence that the actions were taken in retaliation, or (2) that Defendant's proffered non-retaliatory reasons are pretextual. *See Conner,* 121 F.3d at 1396. The Defendant's proffered non-retaliatory reasons for Plaintiff's termination are the suspensions and other "disciplinary" actions against Plaintiff. Throughout her testimony, Plaintiff

has stated that Defendant's reasons for taking these actions are pretextual. In the reply brief, Defendant does not attempt to rebuff Plaintiff's assertions, and neglects to argue that the reasons the pre-termination actions themselves were taken were non-retaliatory or non-pretextual. The prime flaw in Defendant's argument is asserting that the pre-termination actions taken against Plaintiff are the non-retaliatory reasons for her termination, while treating Plaintiff's testimony that those actions themselves constituted adverse employment actions as insignificant. Therefore, Defendant's motion for summary judgment of the retaliation claim in Count II will be **denied**.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Partial Summary Judgment, filed March 11, 1999, is **granted in part**.

**IT IS FURTHER ORDERED** that Plaintiff's Racial Discrimination Claim contained in Count I of the Complaint is **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Defendant's motion to grant summary judgment on Plaintiff's retaliation claim contained in Count I of the Complaint, filed March 11, 1999, is **denied**.

**IT IS FINALLY ORDERED** that the pre-trial conference scheduled on **Tuesday, July 13, 1999, at 1:30 p.m.**, is vacated and rescheduled for **Monday, July 12, 1999, at 3:00 p.m.** at the United States Courthouse, 5th Floor, *Bonito* Courtroom, 333 Lomas Blvd NW, Albuquerque, New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**

6